# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | **Case No. 14-00606-TLM** |
| **CLAUDIA ALEMAN,** | ) | |
| | ) | **Chapter** |
| Debtor. | ) | |
| _____ | ) | |

## MEMORANDUM OF DECISION
_____

This matter is before the Court on its Order to Show Cause, issued January 22, 2015. Doc. No. 34 (the "OSC"). After a hearing held February 17, 2015, the Court took this matter under advisement. This Memorandum contains the Court's findings of fact and conclusions of law.

**FACTS**

This bankruptcy case commenced on April 18, 2014. On July 20, 2014, Claudia Aleman ("Debtor") through her attorney, Ryan Thomas Earl ("Counsel"), filed a Financial Management Course Certification as required by Fed. R. Bankr. P. 1007. Doc. No. 26. The case administrator assigned to the case alerted Counsel the following day via email of an error in the filing: the certificate indicated Debtor took the course on February 27, 2014, prior to filing her petition, instead of post-petition as required by the Code and Rules.[1]

_____

[1] The provider's certificate references a non-existent case number (14-00000). *See* Doc.
(continued...)

MEMORANDUM OF DECISION - 1

Over 10 months later, Counsel had not responded to the case administrator or filed an appropriate certificate, thus delaying the entry of his client's discharge. Therefore, on January 6, 2015, the Court ordered Counsel to file within 14 days a post-petition financial management certification or an explanation why one could not be filed. Doc. No. 32. The Court emphasized that "[f]ailure to file the required certification shall lead to a hearing at which counsel's appearance will be required." *Id.* at 3.

Because Counsel failed to comply with the January 6 Order within the time allowed, this Court issued the OSC and set it for hearing. Doc. No. 34. The Court made it clear in the OSC that Counsel was "**ORDERED** to personally appear at hearing on **Tuesday, February 17, 2015, at 1:30 p.m.**, . . . to explain his conduct in this case[.]" *Id.*

On January 28, six days after the Court issued the OSC, Counsel filed a new certification of completion reflecting Debtor took the required post-petition course on May 14, 2014. Doc. No. 36.[2] But Counsel offered no explanation for his failure to comply with the Court's January 6 Order, nor for the delay in filing this certificate given the fact that the course had been completed over seven months before the Court entered its first Order. More disturbing, Counsel failed to

---

[1] (...continued)
No. 26-1.

[2] Based on this certificate, Debtor finally received her discharge. Doc. No. 38.

MEMORANDUM OF DECISION - 2

appear on February 17 as ordered in the OSC to address these issues.  Counsel did

not request the hearing be vacated prior to the matter being called, nor did Counsel

communicate with the Court to explain his failure to appear.

**DISCUSSION AND DISPOSITION**

The Supreme Court has made it clear that an Article III federal court has the

inherent power "to control admission to this bar and to discipline attorneys who

appear before it."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  The Ninth

Circuit recognizes that bankruptcy courts also "have the inherent power to sanction

that *Chambers* recognized exists within Article III courts."  *Caldwell v. Unified*

*Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996);

*see also In re Hurd*, 2010 WL 3190752, at *2 (Bankr. D. Idaho Aug. 11, 2010) ("A

bankruptcy court has the authority to regulate the practice of lawyers who appear

before it.  Such authority stems from the court's inherent powers, the Code and the

Rules."), *Gardner v. Law Office of Lyndon B. Steimel (In re Valentine)*, 2014 WL

1347229, at * 3 (Bankr. D. Idaho Apr. 3, 2014) ("The BAP recognized that, under

Ninth Circuit precedent, the bankruptcy courts have the power to sanction under

their civil contempt authority under § 105(a) and under their inherent sanction

authority." (internal quotations omitted)).

Nevertheless, inherent powers have limits.  *In re Lehtinen*, 564 F.3d 1052,

1058 (9th Cir. 2009) (citing *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178,

MEMORANDUM OF DECISION - 3

1197 (9th Cir. 2003)).  "Because of their potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.  Thus, like the bankruptcy court's civil contempt authority, inherent sanction authority "does not authorize significant punitive damages." *Dyer*, 322 F.3d at 1197 (noting that the Ninth Circuit has "refrained from authorizing a punitive damage award under the bankruptcy court's inherent sanction authority").  "Civil penalties must either be compensatory or designed to coerce compliance." *Dyer*, 322 F.2d at 1192 (citing *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137-38 (9th Cir. 2001)).

Counsel's filing of a patently improper certificate, his failure to correct the certification after being alerted by both the case administrator and the Court, and his blatant disregard of the OSC and failure to appear for the show cause hearing, demonstrate little regard for the Bankruptcy Code and Rules or for his professional responsibilities.  Further, Counsel ignored a direct order relating to these issues. Such conduct cannot be taken lightly.  The Court concludes certain sanctions are necessary to reinforce Counsel's obligations to this Court and his clients.

**CONCLUSION**

In order to ensure Counsel does not repeat such conduct and gives appropriate attention to his professional obligations to the legal system and his clients, and pursuant to the Court's inherent authority, Counsel shall obtain six

MEMORANDUM OF DECISION - 4

continuing legal education credits—three of which must be ethics and three of which must be bankruptcy—within six months of the issuance of this Decision and accompanying Order.  At least two of the ethics credits and two of the bankruptcy credits must be received through live instruction.  Counsel shall certify his completion of such credits with the Court in the above captioned case.  The OSC will be deemed satisfied by Counsel's completion of the described credits and submission of his certification.

The Court will enter a separate form of Order.

DATED:  April 29, 2015

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 5